Number 2016-3408 Henry Kalama et al. versus Matson Navigation Company Incorporated. Arguing not to exceed 15 minutes per side. Mr. Bograd for the appellant. May it please the court. Louis Bograd for appellants. Henry Kalama et al. This is a case about waiver. Appellants do not dispute that absent waiver, the Northern District of Ohio would not have had a basis for exercising personal jurisdiction over the appellees here. But appellants contend that appellees waived any objection to personal jurisdiction because of their desire or their counsel's preferences to keep these cases unified with all defendants together in a single courtroom in Cleveland. And that waiver negates any basis for the dismissal of these cases on personal jurisdiction grounds many years later, necessitating reversal of the district court's ruling. It seemed to me, counsel, that your argument doesn't have a very good answer for the explicit retention language. We don't forego our rights in the various pleadings by Thompson Hine. You're referring to the answers that were filed? Your Honor, I can answer that in two ways. I think first, it's very clear from the course of proceedings that Judge Lambros had told the defendants quite explicitly that he was going to transfer the cases on January 7th unless by January 5th they waived their personal jurisdiction claim. And if they answered, that would be understood to be a waiver. Now, you're right, Thompson Hine playing, either being very clever or very cute, included a personal jurisdiction affirmative defense in those answers. But it's clear that the judge understood. So what's the body to do in the face of Judge Lambros putting them in that pickle? Well, I don't see it as a pickle, Your Honor. They had a choice. Their choice was to stay in Cleveland by waiving personal jurisdiction or to agree to be transferred to a jurisdiction that had personal jurisdiction. Or to appeal that particular offering of a choice. Well, they attempted to appeal under 1292B, but that's the normal rule, Your Honor, as you know, and indeed the court's request for supplemental briefing in this case addressed precisely this issue, is that the proper opportunity to appeal that transfer ruling under 1406 or 1631 would have come at the end of the case after it had been transferred to another court and after that transferee court had read their final judgment. They concurrently objected to being presented with that choice as not being properly presented to them. They objected and Judge Lambros… The judge never enforced it, never actually did what he… Well, he didn't do it, Your Honor. He said, I'll do this, but he never did the and I'll do this. Well, he didn't do it, Your Honor, because the defendants, to his mind, had waived their personal jurisdiction defense by filing their answers. And I think that's clear from the course of conduct. But I wanted to follow up with Judge Cook's question. Included and we don't waive. I understand that, Your Honor. That was not a choice that was available to them. But even if we accept for the moment that inclusion meant that they were not waiving at that point, their subsequent course of conduct clearly demonstrates waiver. The adverb clearly, is that… I think it is, Your Honor. And in particular, the Third Circuit found it to be absolutely clear in the closely related case that they decided last August. They did that with respect to a group of parties that didn't include your parties, though, right? Well, no. The two defendants in that case are parties here. Mattson and American Presidential, American President Lyons were defendants, the two defendants in that appeal. There were a group of 16 and there was a group of 44. Is that right? Yes. I can try to walk through the procedural posture here. The point is that there's some dispute, I guess, that the Third Circuit cleared up about whether the parties there were in the group of 16 or the group of 44. Is that right? Well, there's a… Identifiable groups. The dispute, Your Honor, was about… Clusters, whatever you call them. I don't know the jargon. I think they called them clusters. But is it identifiable what I'm talking about? Yes, exactly. The parties were not in either group. Is that correct? These parties were not in either of those groups. Whereas the parties in the Third Circuit case were in the 44 but not in the 16. So why isn't that just flat-out distinguished? The Third Circuit. Well, Your Honor, for two… That's what they were talking about. For two reasons. They were talking about 44. That is correct, Your Honor. But 17 of these 19 defendants were in the cases in that group of 44. Your cases were in the 44. No. Not our… There were many… The struggle we're having is that evidently there are a number of defendants that are defending in various categories of actions because there are so many cases. Do you find it an appropriate way to distinguish to say it's the same defendant but it's not the defendant that is in my case? Am I stating that fairly? I understand the players are all over. It's the same group. It's individuals suing, but it's the same group of defendants represented by Robinson, by Thomas Hind, by a variety. So what I think we're trying to understand is why the Third Circuit case might not be distinguishable on that basis. It's not your case where you're representing the plaintiff. Correct, Your Honor. The reason that it's not distinguishable, I mean it's factually distinguishable in exactly the way that you've just described, but the reason I don't think that makes a difference as a legal matter is you have to understand how these cases were litigated in front of Judge Lambros. There were not several thousand separate cases where people filed separate pleadings in each case. People filed, as in an MDL proceeding, they filed master pleadings and then attached lists of which cases those pleadings applied to. So when each of these defendants filed their answer in Judge Lambros' courtroom on January 5, 1990, I believe, those answers applied not just to the cases that were in that group of 44, but to all of these cases. And when they subsequently said, in opposing transfer of the 44 cases, we object to transfer, Your Honor. We waived our personal jurisdiction in order to stay here in Cleveland for trial. They were referring to the waiver that occurred when they Filed the master answer? Yeah. So effectively, the action, while the statement was made in the context of opposing the transfer of 44 particular cases, they were referring back to their decision to stay in Ohio rather than That's why I say, when you say clearly, I say, eh, not so much. Clearly is always one of those weasel words that gets us into trouble. I withdraw clearly, Your Honor. Yeah. Anytime you're dealing with a case that is 30 years old and has a record as long And complex as this one clearly is probably a poor choice of words, Your Honor, and I withdraw it. But I think that it is clear from the course of conduct that we would contend from the course of conduct that the defendants, we believe, first waived when they answered in response to Judge Lambros' instructions. The only reason you say they first waived to counter the we don't waive language in their answers, the only reason you say they first waived was because some comments by Judge Lambros that said, I am going to read your answer as an acknowledgement that you waive. And they clearly wrote, wrong, we aren't doing that, Judge. I understand that they wrote that, Your Honor, and we can agree to disagree. Yeah, but that's your best argument. Is that the Third Circuit took it that way and Lambros told them, beware, I'm going to view this in this light. So you're two best, right? I think primarily, Your Honor, yes. In addition, before those orders issued in late 1989, Counsel for Thompson Hine told the court that he expected, once the court had made clear that his intention was to transfer, not dismiss, that they expected that most of their clients would prefer to stay here in Cleveland where we have this elaborate procedure set up to handle these massive cases and would not want to go elsewhere because once you go elsewhere, then the cases get all split up. Typically, courts such as ours don't weigh that as heavily as the pleading, the words in a pleading, right? I agree, Your Honor, and that's why I'm saying I think it's important that whether or not you conclude that the answers themselves constitute a waiver, that the subsequent course of conduct, when the defendants repeatedly told Judge Lambros and told in the cases that were transferred to Michigan, the Eastern District of Michigan, that they had waived precisely because they objected to having the cases split up into multiple jurisdictions. Waiver can occur by conduct, and I think the consistent course of conduct here demonstrated that they wanted to remain in front of Judge Lambros. Judge Lambros would not have had jurisdiction to entertain plaintiff's motion to transfer in toto, would not have had jurisdiction to make the decision to transfer cases to Detroit if he understood that the defendants had not waived their personal jurisdiction. I have a question on the special master issue, the understanding of the special master. The claim is that counsel had agreed not to challenge jurisdiction, and the special master attested to that agreement. Give us the background of that. Let's put aside for a moment whether we're fighting over what group is distinguishable. What did the judge say? What did the special master say? The special master said, and the affidavit that was submitted, and I confess this is before I was involved in these cases, so I'm not intimately familiar with this process, but the special master indicated that Thompson Hine had told him that the vast majority of their clients had waived personal jurisdiction in order to remain in Cleveland. I understand that there are valid questions about the propriety of that affidavit, and the special master also is in the transcript of, I think, the November 91 hearing, explicitly clarifying the judge's remarks and saying, so if they answer, they waive? And the judge said yes. One of the reasons that I think that might be significant is that there's a complaint. There is a challenge to the propriety of the continuation of filing complaints. My question is, was the continuation of filing complaints in that court, pursuant to this agreement that the special master spoke about? It was certainly pursuant to the understanding that these defendants had consented to jurisdiction in Cleveland. I'm not familiar with the precise background, but the understanding was we had this fight. Defendants tried to get out of all these cases by being dismissed on jurisdictional grounds. The court said, uh-uh, I'm going to transfer you elsewhere. The defense said, well, if you're going to transfer us, then we have to litigate in 13 separate forms. We don't want to do that. We waive, and pursuant to that process having played out, additional cases then got filed. At least that's how I understand it. I see my time has expired. I'd like to reserve the remainder of my time. May it please the court, I'm Harold Henderson, on behalf of the numerous defendant appellees before the court. Under this court's highly deferential abuse of discretion standard of review, this court should affirm the personal jurisdiction dismissals below, because the MDL court properly found that the shipowner defendants did not waive their personal jurisdiction defenses, and the findings of fact that are recited throughout his multiple opinions are reasonable, and they are supported by the evidence. The discussion focused primarily in the prior argument on waiver, and rightly so. Clear error. Am I right about the factual findings we reviewed for clear error? Correct, Your Honor. Part and parcel of the abuse of discretion. I understand, but it's okay. Defendants consistently opposed action by the court below Judge Lambros, and by the opposition that essentially ignored the requirements of the law. We discussed the issue about waiver by filing answers. Judge Lambros put us in a very difficult situation by essentially turning the Federal Rules of Civil Procedure on its head. I'm just curious, were you personally before Judge Lambros? I was at times, but I was a much, shall we say, much greener associate than I am today, Your Honor. So I was not there all of the time. You did practice before the Honorable Judge Lambros. I did, Your Honor. So Judge Lambros tried to essentially turn the civil rules on its head by saying file an answer, and that equates to waiver. Where's the authority of... I'm struggling with, Counselor. I'm reading in the briefs a great bit about I'm put in this terrible position, but I'm struggling with that because when a judge decides against you, it can be a terrible position, but it's because you lost your motion or somebody else won their motion. So I don't think that it is a grounds, an appropriate grounds simply to say, well, I was in a tough position and I wanted to do it a different way than the judge wanted me to do it. So I'm looking at what did the judge say and how were the orders entered? Well, the orders that I'm looking at, 40 and 41, and the transcript that underlies them pretty simply says I don't have personal jurisdiction and you've got a choice. You can either be transferred or you can waive and stay here. If that's the choice and the record indicates that then you chose to file an answer, I'm not sure I understand why you can say I get to choose not to waive when you gave me a choice of going somewhere else or staying here. Well, Judge Strach, the issue is by what authority does a federal judge turn Civil Rule 12 on its head which allows us in Civil Rule 8 where we're entitled to file an answer and preserve defenses. He's trying to take away the defenses before we do it. No, but what it seems to me is he's said to you, you say I don't have personal jurisdiction, counselor, I agree with you. I don't have personal jurisdiction over you. That means this case cannot continue in my court because I don't have any jurisdiction to hear it. That was your argument. The judge agreed with it. Now the judge says, but I'm not, I'm agreeing with your answer. Counsel, answer that part first. It's good for everybody. Your Honor, the Civil Rules gave us the authority to file an answer. If we didn't, we were potentially subject to default. I'm asking you what Judge Cook wants to hear the answer to and I want to hear the answer to is if the judge says I do not have jurisdiction over your case, how can the case continue in that judge's court? It should not, but the fact is Judge Lambros continued because we tried to file, we filed a motion to certify that order for interlocutory appeal. We were ignored. We were in a situation where procedurally we're being placed in a position. That's not a procedural question, counselor. Either there is jurisdiction to hear your case in that judge's court or there is not. And that judge said I don't have any jurisdiction to hear your case. You are right. So how does anything continue in that judge's court? How does he have jurisdiction? He said he did not. That's basically the problem. He did not, but he ignored the fact that he found there was no personal jurisdiction and he continued doing things. He said he was going to transfer. He never transferred. Well, his order 41 says these cases as to defendantship owners which were determined not to be subject to in personam jurisdiction are transferred to jurisdictions which plaintiffs represent have sufficient contact. As we pointed out on our brief, Your Honor, even though he purports to transfer the case list attached to that don't mention who's being transferred where because ultimately there were to be 13 jurisdictions to which transfers occurred and when you look at the orders you can't figure out which defendants are being transferred to where. Severance orders were never entered as we discussed in the brief. Severance had to be done if these cases were to be individually split up and parceled off among 13 different districts. None of that ever happened. And therefore even though he purports to transfer no cases were ever transferred. There was never a particular docket that was ever sent to any of those 13 jurisdictions. It was the limbo essentially that we're stuck in. We said there's no personal jurisdiction. Judge Lambros agreed there's no personal jurisdiction and yet he keeps proceeding as if personal jurisdiction had never been asserted. And it had. One answer to Judge Stranch perhaps, I'm not sure, that if the order was you can either answer and agree to stay here or be transferred and instead they answer but don't agree rather object right in the answer that Judge Lambros could have said well that isn't that wasn't one of the choices I gave you so therefore I'm going to transfer you. He certainly could have. He just never did. He just never acted on it. He just continued with the cases as if there was no personal jurisdiction issue and clearly there was. I guess what I'm struggling with is I don't know how he would have or could have continued without having assumed that your answer was a waiver because his order had said that if you want to stay and waive file an answer and you did. Actually the order is not quite that clear. There's language in the hearing transcript where that is being discussed but we still filed the matter of fact is the answers were filed preserving the personal jurisdiction defense because we were being placed in a procedural box by Judge Lambros purporting to say by filing an answer you're giving up a defense and we couldn't do that. To my knowledge I don't think so your honor. There were groups of answers that had to be filed. Each of the answers by master answer preserved the personal jurisdiction defense. We tried to get the quandary taken care of. What authority would Judge Lambros have to tell you that by filing an answer what civil rule would support saying that your answer cannot include preservation of a defense? I think the answer to that one your honor is easy. There is no authority. We simply did what the federal rules permitted us to do and it was proper and it was appropriate and it was not being acute because we were being placed in a very difficult situation by the oral statements of Judge Lambros at the hearing. They were contrary to the rights and privileges that are accorded to counsel under the civil rules. Correct your honor. We were quite willing to have this court deal with the transfer issue because there was an entire discussion in the briefing dealing on the Goldilar decision from the U.S. Supreme Court about whether it's appropriate to dismiss or transfer when there is no personal jurisdiction. That was fully briefed but Judge Lambros never even addressed any of that sort of material. He just decided he's going to transfer and then never transfers. There were questions by the judge by the court earlier about the 44 cases that were transferred later for trial and that was purportedly under section 1404 of 28 U.S.C. Thompson Hine on behalf of his clients opposed the transfer but you can read those documents there is nothing in those documents that say the transfer is improper because there was waivers of personal jurisdiction. That does not show up in those documents. What we said, we spent five pages arguing that the court did not have the power under 28 U.S.C. 1404 to transfer to a district where all of the defendants in the cases could not have been sued and served. We cited the Hoffman v. Blaski decision from the U.S. Supreme Court in 1960 which talks in terms about power to transfer and that if a transfer occurs to a place where the defendants could not have been served the transfer e-court does not acquire proper jurisdiction over the cases so we resisted those. But again, those 44 cases are not these 12 cases that are before the court. So even the discussion there does not apply to these cases but it still is very consistent with the position that I have asserted to your court  unlawful action or action by the court or proposed action by the plaintiffs that ignored the requirements of the law. We filed a petition for mandamus which is cited in our brief and I think a particular statement that shows in that petition for mandamus at Appellee's Appendix page 1244 is appropriate. Petitioners are not unsympathetic to the court's desire to resolve the massive numbers of asbestos cases as efficiently as possible but any such action must be taken within the confines of established law. And we dealt with multiple situations where Judge Lambros was doing things that were inconsistent with law and when we protested the inconsistency of law that does not equal a waiver of the personal jurisdiction defense which should have been dealt with by one of two ways either dismissal or transfer neither of which occurred and so we were dealt with that situation where we simply had to continue resisting action that was inconsistent with the requirements of the law. There was, I believe it was a question by Judge Cook to opposing counsel about whether or not the Third Circuit opinion viewed filing of answers as equaling waiver I believe, Your Honor, if you will read that case it does not do so. What it does is it picks two statements out of context one in a brief You covered that in your brief? Absolutely, covered it in the brief and Judge Rubino of the MDL Court looked at the exact same evidence and found that there was no indication of a waiver I believe one of his statements in his opinion this court is not persuaded that these exhibits meaning all of the things that the plaintiff said as purported waiver the court is not persuaded that these exhibits show by the preponderance of the evidence a universal waiver by all defendants in all cases, in all perpetuity but that was essentially what the plaintiffs and the appellants here were trying to say that there had been universal waivers there is one example of a universal waiver but it was by a different firm the Ray Robinson firm and the document is in the appellee's appendix at page 185 it was titled A Motion for Permission to Consent to Jurisdiction and to Withdraw Motions to Dismiss or Transfer 28 defendants were included within that document in hundreds of cases that is an example of waiver there is no equivalent waiver by any Thompson-Hein defendant or any action by Thompson-Hein the appellants are essentially left to try to divine or tease out some type of evidence of a waiver where there is no waiver because the consistent action of the appellees was to oppose unlawful action by the court in the Northern District of Ohio and to insist that they were not subject to jurisdiction they believed that dismissal was the appropriate remedy they tried to bring it to this court and my time is out, Your Honor. Thank you. Let me be brief, Your Honors. First, there is no question it would have been a lot cleaner if instead of saying you may waive by filing an answer we can see it would have been cleaner   and that they were not subject to jurisdiction so the inference from you may waive by filing an answer is you may waive by filing an answer that waives? I don't think so, Your Honor. That's the way I think I would have taken it. You can waive this, file an answer brackets, that waives. Wouldn't that be how a lot of lawyers would take that? I don't think so, Your Honor. You can waive by filing an answer that refuses to waive I meant it when I said I apologize for interrupting I meant it when I said I thought Thompson Hine was trying to be a little cute here 30 years ago, not here today. And if the judge thought he was being cute the judge could have said okay, that didn't meet my requirements transfer you. He could have done that, Your Honor. I keep going to clearly, Your Honor. I really went to substance there, not the words. I understand that. The judge's course of conduct indicates that he understood them to have waived. Otherwise he would have transferred them. So the fact that it was papered He issued some sort of order that said he was or he was going to or they are transferred or something like that? He issued MARDOC 41 in advance Like he said, oh, everybody's waived, I'm not transferring anything. He didn't say that either. No, but he acted as if that is exactly what had happened. And indeed, Your Honor, on just two separate occasions in the January 1991 hearing we have Thompson Hine saying our clients waived jurisdictional objections to proceed here in Cleveland to go to Detroit is not something we agreed to. And we've already discussed why I believe that references all of their cases and not just these 44. And in the brief they fought It explicitly limits its language to the 44, though. But he was clearly referring This refers to the clusters that Chief Judge Lambros intended to transfer to the Eastern District of Michigan. And I agree, Your Honor, because that's what they were But I'm saying 17 of these 19 defendants were included in those 44 cases. And their course of conduct in those cases was identical to their course of conduct here. So when they represent that the course of conduct they engaged in constituted a waiver, they are at least implicitly acknowledging that that waiver was true not just in those 44 cases but in the other cases where their conduct had been identical. Why would agreeing with your position not impact the entire group of cases? The argument is this is going to open the door to all of these cases being resurrected. And your response is no, we're only talking about 16 cases or we're talking about a smaller group. Why are you only talking about a smaller group? There are subtle differences in the facts among the cases about which documents applied to which which defendants were in each. I obviously wouldn't want to say that these are the only 16 cases. I think there's another group of cases behind this where the Goldlauer transfer issue may be much more central to resolution. But this is a fact-specific inquiry, a case-by-case inquiry. Indeed, one of the grounds on which we faulted Judge Rubrano was that he simply applied his rulings in the Jacobs and Bartel cases to this mass group of cases without considering the unique details.